United States District Court
Southern District of Texas
**ENTERED**
January 23, 2026
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| MELDI HOSPITALITY MANAGEMENT, LLC, § § § § Plaintiff. § § V. § MT. HAWLEY INSURANCE § COMPANY, § § Defendant. § | CIVIL ACTION NO. 3:25-cv-00397 |

## ORDER TRANSFERRING CASE

On January 6, 2026, Judge Jeffrey V. Brown referred all pretrial matters in this case to me pursuant to 28 U.S.C. § 636(b)(1). *See* Dkt. 17. Pending before me is a motion to transfer venue to the United States District Court for the Southern District of New York filed by Defendant Mt. Hawley Insurance Company. *See* Dkt. 8. Having considered the briefing and the applicable law, I grant the motion and transfer this case to the United States District Court for the Southern District of New York.[1]

Plaintiff Meldi Hospitality Management, LLC filed suit against Mt. Hawley in the 149th Judicial District Court of Brazoria County, Texas, for property insurance coverage for its commercial property under a policy that Meldi has with Mt. Hawley (the "Policy"). Mt. Hawley timely removed the action to this Court and filed the instant motion to transfer venue.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

---

[1] "An order issued by a magistrate judge transferring venue under 28 U.S.C. § 1404(a) is non-dispositive." *Arena IP, LLC v. New England Patriots*, LLC, No. 4:23-cv-00428, 2023 WL 8711081, at *1 (S.D. Tex. Nov. 20, 2023) (cleaned up).

consented." 28 U.S.C. § 1404(a). A forum-selection clause may be enforced under § 1404(a) through a motion to transfer. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 52 (2013). "[F]orum-selection clauses are prima facie *valid* and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 302 (5th Cir. 2016) (cleaned up).

Mt. Hawley contends that "[b]y filing suit against Mt. Hawley in Texas, [Meldi] violated the Policy's mandatory forum selection clause that requires any litigation to be brought only in New York." Dkt. 8 at 12. The Policy states, in relevant part: "Any litigation arising out of or relating to this Policy shall be brought only in the state or federal courts of New York." Dkt. 8-1 at 98. Mt. Hawley contends that this court "should enforce this provision and grant Mt. Hawley's motion because the Policy's forum selection clause is valid, enforceable, and mandatory." Dkt. 8 at 13. In support, Mt. Hawley directs this court to more than 70 cases in which it has "prevailed on this transfer issue." *Id.*; *see also id.* at 13–18 (citing 74 cases in total).

The parties do not dispute that this litigation arises out of or relates to the Policy. Accordingly, the forum-selection clause is prima facie valid and should be enforced. In the face of overwhelming case law suggesting that this case must be transferred, Meldi raises an issue that it claims "has not been briefed or decided in Mt. Hawley's prior cases." Dkt. 20 at 7. The issue is "whether a forum selection clause violates clearly established Texas statutory public policy embodied in Article 21.42." *Id.*

Meldi argues that article 21.42 of the Texas Insurance Code should be dispositive. Article 21.42 provides that:

> Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby, notwithstanding such policy or contract of insurance may provide that the contract was executed and the

> premiums and policy (in case it becomes a demand) should be payable without this State, or at the home office of the company or corporation issuing the same.

As Mt. Hawley notes in its reply, "multiple published opinions have expressly rejected [Meldi]'s ill-conceived 21.42 position." Dkt. 23 at 2. To borrow the words of my esteemed colleague, Judge Lee Rosenthal:

> The Texas Supreme Court has made clear that article 21.42 and similar provisions of Texas law are not expressions of public policy sufficient to defeat a valid forum-selection and choice-of-law clause. For example, in *In re Lyon Fin. Services, Inc.*, 257 S.W.3d 228 (Tex. 2008) (per curiam), the plaintiff argued that "enforcement of the [Pennsylvania] forum-selection [and choice-of-law] clause would unjustly preclude its day in court because Pennsylvania law[, unlike Texas law,] does not allow a corporation to maintain a cause of action for usury." *Id.* at 234. The court held that, "absent a Texas statute requiring suit to be brought in Texas, the existence of Texas statutory law in an area did not establish such Texas public policy as would negate a contractual forum-selection provision." *Id.* (citing *In re AutoNation, Inc.*, 228 S.W.3d 663, 669 (Tex. 2007)). Article 21.42 does not require suit to be brought in Texas.

*Eads v. Spheric Assurance Co.*, No. CV H-22-4021, 2023 WL 417477, at *3 (S.D. Tex. Jan. 25, 2023), *aff'd*, No. 23-20066, 2023 WL 8613609 (5th Cir. Dec. 13, 2023).

Accordingly, Mt. Hawley's motion to transfer venue (Dkt. 8) is granted. This case is transferred to the United States District Court for the Southern District of New York.[2]

SIGNED this 23rd day of January 2026.

                                  ANDREW M. EDISON
                                  UNITED STATES MAGISTRATE JUDGE

---

[2] The federal judges in New York are more than capable of handling the pending motion to abate. *See* Dkt. 19.